IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| 1240 S. BANNOCK, LLC,<br>Colorado limited liability corporation,<br><br>      Plaintiff,<br><br>v.<br><br>DENNIS SIEM, DONALD J. NERAT,<br>STEVEN A. NERAT, COLDWELL<br>BANKER REAL ESTATE GROUP, and<br>BAY TITLE & ABSTRACT,<br><br>      Defendants. | Case No. 2:21-cv-00183<br><br>Hon. |

Shoran R. Williams (P83262)
Joslin E. Monahan (P77362)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI  49503
616.831.1700
williamssr@millerjohnson.com
monahanj@millerjohnson.com

## COMPLAINT

Plaintiff, 1240 S. Bannock, LLC, by its counsel, Miller Johnson, states the following Complaint against Dennis Siem, Donald J. Nerat, Steven A. Nerat, Coldwell Banker Real Estate Group, and Bat Title & Abstract:

## THE PARTIES

1. Plaintiff, 1240 S. Bannock, LLC is a Colorado limited liability corporation whose members all reside in the State of Colorado.

2. Defendants are Dennis Siem, Donald J. Nerat, Steven A. Nerat, Coldwell Banker Real Estate Group; Bay Title & Abstract.

3. Rule 7(a)(2) Designation – Plaintiff has no such corporation.

4. Plaintiff requests trial by jury.

## JURISDICTION

5. Defendant Dennis Siem is subject to the jurisdiction of this Court and can be served at 310 43rd Avenue, Menominee, Michigan 49858.

6. Defendant Donald J. Nerat is subject to the jurisdiction of this Court and can be served at 4611 14th Street, Menominee, Michigan 49858.

7. Defendant Steven A. Nerat is subject to the jurisdiction of this Court and can be served at 6791 Fairland Loop, Menominee, Michigan 49858.

8. Defendant Coldwell Banker Real Estate Group may be served through Ryan Fulcer, Vice President at 2830 E. John St, Appleton, WI 54915.

9. Defendant Bay Title and Abstract Inc., may be served through its counsel Wes Hoffman, Esq., at Hoffman Law, 962 1st Street, Menominee, MI 49858.

10. Venue is proper in this court because the real property which is the subject of this dispute is located in the City of Menominee, State of Michigan.

11. This court has subject matter jurisdiction under 28 USC 1332 because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

12. On or about January 8, 2021, 1240 S. Bannock, LLC ("Plaintiff") entered into a Buy and Sell Agreement to purchase real property commonly described as 2003 to 2013 10th Street, Menominee, MI ("The Property") from Defendants Nerat for the amount of $415,000. ("Purchase Agreement" attached as **Exhibit A)**.

13. In addition to utilizing The Property for marijuana business ventures, Plaintiff intended to continue the rental agreements in existence with commercial renters.

14. Later, on or about January 26, 2021, Plaintiff and Defendants Nerat entered into an Addendum to the Purchase Agreement which stated in pertinent part:

> Buyer and Seller agree that the sale is contingent to Yuma Way, MI LLC receiving a license from the City of Menominee to operate a retail marihuana establishment at the property. The closing date shall be defined as the later of July 1, 2021 or five (5) business days following Yuma Way MI LLC receiving a license to operate a marihuana retail license at the above-mentioned property. Seller agrees to sign any forms and otherwise cooperate with Yuma Way MI LLC's request from the City of Menominee and the State of Michigan to award a license to Yuma Way to operate a marihuana establishment at the Property. See attached **Exhibit B**.

15. The Purchase Agreement provided in pertinent parts that:

> "If Seller defaults, Buyer may enforce this Agreement or may demand a refund of the deposit and pursue legal remedies." See Section 18. Default attached as **Exhibit A**.

16. The Purchase Agreement required Plaintiff to deposit $5,000 of earnest funds with a Title Company whose identity would later be determined. See **Exhibit A**.

17. On February 1, 2021, Plaintiff received from Defendant Bay Title wire transfer instructions to ensure proper wire transferring of said earnest funds into Defendant Bay Title's escrow account. See **Exhibit C**.

18. On February 2, 2021, Plaintiff wire transferred $5,000 of earnest funds into the trust account of Defendant Bay Title. See **Exhibit D**.

19. At no time since February 2, 2021, through the filing of this litigation, has Defendant Bay Title refunded Plaintiff said earnest funds.

20. The Purchase Agreement and Addendum between the parties was at all relevant times in full force and effect and enforceable according to its terms.

21. On or about June 28, 2021, Plaintiff learned that Defendants Nerat sold the Property to an undisclosed 3rd Party, in material breach of the Purchase Agreement and Addendum.

22. At all times relevant to the Buy and Sell Agreement, Addendum and subsequent improper sell of the Property to an undisclosed 3rd Party, Defendants Siem and Coldwell Banker Real Estate Group, were the real estate agents representing Defendants Nerat.

23. At all times relevant Defendant Siem was an employee of Defendant Coldwell Banker.

### COUNT I – Breach of Contract – Purchase Agreement

24. Paragraphs 1 through 23 are incorporated herein and apply to all counts.

25. Plaintiff and Defendants Nerat willingly and voluntarily entered into a binding and enforceable written Purchase Agreement.

26. Defendants Nerat unlawfully breached the Purchase Agreement by secretly selling the Property to an undisclosed 3rd Party and breach of the Purchase Agreement.

27. Plaintiff was damaged as a result of Defendants Nerat actions and breach of the Purchase Agreement.

### COUNT II - Tortious Interference with Contract

28. Paragraphs 1 through 27 are incorporated herein and apply to all counts.

29. Defendant Coldwell Banker is vicariously liable for tortious conduct of Defendant Siem.

30. Defendants Siem and Coldwell Banker were at all times relevant, aware of the existence of a valid contract between Plaintiff and Defendants Nerat.

31. Defendants Siem and Coldwell Banker unlawfully induced, encouraged, solicited, or coerced an undisclosed 3rd Party to enter into an agreement to Purchase the Property thereby facilitating Defendants Nerat, breach of the Purchase Agreement.

32. Defendants Siem and Coldwell Banker had no legal justification for procuring such breach of contract on behalf of Defendants Nerat.

33. Plaintiff was damaged as a result of Defendants Siem and Coldwell Banker's actions.

### COUNT III – Breach of Implied-In-Fact Contract

34. Paragraphs 1 through 33 are incorporated herein and apply to all counts.

35. Defendant Bay Title, acting as escrow agent, knowingly solicited Plaintiff to deposit earnest funds described in the Purchase Agreement between Plaintiff and Defendants Nerat.

36. Defendant Bay Title has held in its escrow account, and continues to hold through the filing of this Complaint, Plaintiff's earnest funds.

37. Defendant Bay Title breached its duties owed to Plaintiff and Plaintiff was damaged as a result.

### COUNT IV - Tortious Interference with a Business Relationship or Expectancy

38. Paragraphs 1 through 37 are incorporated herein and apply to all counts.

39. Defendants Siem, Coldwell Banker and Bay Title knew of the valid business relationship between Plaintiff and Defendants Nerat.

40. Defendants Siem, Coldwell Banker and Bay Title knew of the potential and expectancy the value of Plaintiff consummating the purchase of the Property from Defendants Nerat.

41. Defendants Siem, Coldwell Banker and Bay Title intentionally and wrongfully interfered with the business relationship between Plaintiff and Defendants Nerat.

42. Defendant Siem, Coldwell Banker and Bay Title induced Defendants to breach the Purchase Agreement resulting in damage to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgement against Defendants as set forth:

1. For compensatory and general damages in amount according to proof;

2. For pre- and post-judgment interest on all damages as allowed by law;

3. For costs of suit incurred herein;

4. For attorney fees under existing law;

5. For rescission of the sale of the property to an undisclosed 3rd party and reinstatement of the Buy and Sell Agreement in full force and effect; and

6. For such other and further relief as the Court may deem just and proper.

Miller Johnson
Attorney for Plaintiff

Dated: August 6, 2021

By: /s/Shoran R. Williams
Shoran R. Williams (P83262)
Joslin E. Monahan (P77362)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI  49503
616.831.1700
williamssr@millerjohnson.com
monahanj@millerjohnson.com

MJ_DMS 33442485v1 50016-1