UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| 1240 S. BANNOCK, LLC, | ) | |
| | ) | Case No. 2:21-cv-00183-PLM-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Paul L. Maloney |
| | ) | |
| DENNIS SIEM, et al., | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendants. | ) | |

**DEFENDANTS DONALD J. NERAT AND STEVEN A. NERAT'S REPLY TO
PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff has failed to persuasively oppose the Nerat Defendants' Motion to Dismiss. In its

Response to the Nerat Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6),

Plaintiff spends a significant amount of time poormouthing the Nerat Defendants. *E.g.*, Plaintiff's

Response, ECF 25; PageID.174. However, much of that effort in Plaintiff's brief misses the crux

of opposing a 12(b)(6) motion: showing that Plaintiff can in fact state a claim for which relief can

be granted. If this were a Rule 56 motion, the Nerat Defendants would have much to say in

response to what are essentially impertinent arguments at this point.

By contrast, Plaintiff's substantive opposition to the Nerat Defendants' 12(b)(6) Motion

falls flat. Plaintiff frequently relies on inapplicable and noncontrolling case law and fails to

provide a persuasive argument that this court should not dismiss on illegality grounds. In this

Brief, the Nerat Defendants will target the failure points in Plaintiff's response and argue that

those failures should result in dismissal of Plaintiff's case.

## II.    DISCUSSION

### A.    *Plaintiff's Attempt to Characterize the Offer as Ambiguous in an Effort to Make its Expiration Indeterminate Fails.*

Plaintiff first argues that the Offer forms a binding contract that did not expire. This

argument should not carry the day. Plaintiff relies on *Challenge Mach. Co. v. Mattison Mach.*

*Works*,[1] to push the court to determine acceptance of an offer by totality of the circumstances.

However, unlike *Challenge*, the transaction documents here do not involve standardized

boilerplate on the back of invoices associated with the sale of goods and the Uniform Commercial

Code ("**UCC**"). Here, most of the operative terms of the Offer are not standard forms. Further,

it is a given that the Offer is not for the sale of goods and governed by Article Two of the UCC.

Distinctly, *Challenge* involved a "battle of the forms," where the litigants had differing

transaction forms with differing warranty provisions. This is not the case here. Finally, *Challenge*

is a non-binding authority under Michigan law, and need not control the court's analysis. MCR

7.215(J)(1).[2] In sum, Plaintiff's reliance on *Challenge* is misplaced because it involves a distinct

UCC-governed transaction and is not a controlling authority.

Plaintiff unpersuasively tries to create ambiguity in the Offer in an effort to insert a term

that was not in the Offer—that acceptance be within a reasonable time. The offer was explicit in

requiring acceptance by a particular date. In the Offer, the year by which acceptance was required

was not stated. FAC, Exhibit A PageID.82. However, to the extent there was any ambiguity by

---

[1]      138 Mich. App. 15, 21 (Mich. Ct. App. 1984)

[2]      "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule."

the absence of the year of expiratoin, the ambiguity is eliminated by the plain language Offer itself. The Offer, ¶ 10 PageID.80, provides that the sale was to close "on or before 4-28-2021." Given this, it is logically impossible that the offer could expire on January 21 of 2022 or another year in the future. Similarly, the year of the Offer's expiration could not have been January 21, 2020 or a prior year, because that alone creates another logical impossibility—it is a given that the expiration of the Offer could predate the Offer itself. And if this were the case, the offer would have already expired anyway.

Contractual language is ambiguous where "its words may reasonably be understood in different ways." *Raska v. Farm Bureau Ins. Co.*, 412 Mich. 355, 362 (Mich. 1982). Courts are not to create ambiguity where none exists. *Smith v. Physicians Health Plan, Inc.*, 444 Mich. 743, 759 (Mich. 1994). "Contractual language is construed according to its plain and ordinary meaning, and technical or constrained constructions are to be avoided." *Dillon v. DeNooyer Chevrolet Geo*, 217 Mich. App. 163, 166 (Mich. Ct. App. 1996). Here, even without an explicit year for the expiration of the Offer, its expiration may not be reasonably understood in different ways. There is no ambiguity here through which Plaintiff can insert a term for acceptance within a "reasonable" period of time. By its plain meaning, the Offer is unambiguous and it expired on January 21, 2021.

Cases relied upon by Plaintiff in its opposition do not support the arguments Plaintiff makes. For example, Plaintiff argues "[b]ecause the lapse date is indeterminate, the offer need only be accepted within a reasonable time." Plaintiff's Br., PageID.179. In support of this argument, Plaintiff cites *Burton v. Ladd*, 211 Mich. 382, 387 (Mich. 1920). However, when one turns to *Burton*, the page cited does not support Plaintiff's argument: rather, *Burton* stands for

3

the proposition that an offer without a fixed expiration shall expire after a reasonable period of time elapses. *See id.* Worse, one page before the page pinpoint cited by Plaintiff, the *Burton* court held as follows:

> [a]n **offer comes to an end at the expiration of the time given for its acceptance**; a limitation of time within which an offer is to run being equivalent to the withdrawal of the offer at the end of the time named. Where no time is fixed in the offer, it expires at the end of a reasonable time.

*Id.* at 386 (emphasis added; quotation/citation omitted). Here, the Offer expired on January 21, 2021. An contract was not formed and Plaintiff fails to state a claim for which relief can be granted.

    **B.**    ***Plaintiff's Argument That a Contract was Formed When the Nerat Defendants Signed the Offer After it Expired Along With the Amendment is Contrary to Michigan Law.***

Plaintiff relies on one unpublished case (*Cullinane v. Estate of Vene*, Unpublished Opinion Per Curiam of the Michigan Court of Appeals, Case No. 305030 (Mich. Ct. App. Issued June 21, 2012), 2012 WL 2362441) for this argument, without citing a single binding authority. *See* Plaintiff's Br., PageID.180. But when one reviews *Cullinane*, it becomes clear that again, it does not stand for the proposition argued by Plaintiff. *Cullinane* did not involve a lapsed offer at all.

In *Cullinane*, Holly Vene and her husband owned significant real estate assets but were unable to satisfy their creditors due to financial setbacks. Ms. Vene was seriously depressed because of this and other issues. She listed the couple's house in Fennville, Michigan through a realtor for $1.55 MM with the hope of selling it for $1.4 MM. Plaintiff Niall Cullinane first made an offer to purchase the home for $1.1 MM on August 24, 2009. Ms. Vene made a counteroffer for $1.34 MM on August 25, 2009, which expired at some point without a formal rejection. However, after the counteroffer was made, negotiations continued. Between August 25 and

4

August 29, 2009, the parties reached an agreement to sell the house for $1.2 MM, "subject to lien holders' approval." The parties then entered into two addenda. Sadly, before the closing date, Ms. Vene committed suicide. *Cullinane*, *supra*, at *1-*2.

After Ms. Vene's death, her estate refused to proceed with the closing. Mr. Cullinane sued. The trial court held that there was a binding contract as the only unfulfilled condition was that of lienholder approval, and that it was "uncontroverted" that the condition would have been satisfied at or before closing. *Id.* at *3. The trial court ordered that the sale go forward on the agreed-upon terms. *See id.* Ms. Vene's estate appealed.

The Michigan Court of Appeals affirmed. Most of the appellate court's opinion focused on the estate's argument that Ms. Vene's psychological problems deprived her of capacity to contract. As to the estate's argument that the condition precedent of lienholder approval was not satisfied, the appellate court held that it was not an essential element and would have been satisfied at or before closing. *Id.* at *6.

Here again, Bannock equivocates the facts of *Cullinane* to suit its needs in its brief. Plaintiff's attempted analogy fails to note that the parties in *Cullinane* formed a binding purchase agreement to sell at $1.2 MM days after Ms. Vene made the abandoned counteroffer for $1.34 MM. It is not clear from the facts of the case whether Ms. Vene's counteroffer expired before the parties reached the deal to sell at $1.2 MM. However, that is immaterial since the parties ultimately formed a binding contract which was properly upheld by the court. This case is also not controlling under starre decisis. MCR 7.215(C)(1).[3]

---

[3]     "An unpublished opinion is not precedentially binding under the rule of stare decisis. Unpublished opinions should not be cited for propositions of law for which there is published authority ... "

To the contrary, no binding agreement was formed here. The Offer expired before the Nerat Defendants signed. Accordingly, under Michigan law, no agreement was reached. *See* analysis in Nerat Defendants' Motion, PageID.138. *Cullinane* is distinguishable because shortly after the counteroffer was made there, the parties entered into a binding purchase agreement. That agreement was what the trial court used to order specific performance and what was upheld by the Michigan Court of Appeals. Here, no binding purchase agreement was ever reached. *Cullinane* does support Plaintiff's opposition to the instant Motion.

## C.     Because Plaintiff Explicitly Conditioned Closing on a Third Party's Acquisition of a License to Violate Federal Law, Plaintiff Fails to State a Claim on Illegality Grounds.

Plaintiff does not persuasively oppose the argument that the Addendum was explicitly conditioned on the granting of a license to a third party which unequivocally violates the CSA. If the illegal license was not granted, there would have been no sale at all. Plaintiff attempts to argue it is only seeking lost rent from non-marijuana-selling tenants on the subject property, costs of preparing for the sale and other losses. *See* Plaintiff's Br., PageID.185. This is misdirection. In the FAC, Plaintiff has not limited its damages in such a fashion. Moreover, irrespective of whether the FAC limits Plaintiff's damages, the closing of the transaction is still explicitly conditioned on a third party (presumably a parent or subsidiary) obtaining a state license to violate the CSA. Any damages that could be awarded to Plaintiff would necessarily flow from the illegal contract conditioned upon violation of the CSA.

## D.     Plaintiff Does Not Give Persuasive Grounds for Denial of the Nerat Defendants' Motion as to its Fraud Claims.

Plaintiff argues that it can state a claim for fraud even though they claim fraud as to future performance. Without using the term, Plaintiff claims that they can state a claim for fraudulent

inducement. *See* Plaintiff's Br., PageID.186. Fraud in the inducement is a claim where "one party was tricked into contracting." *Huron Tool and Engineering Co. v. Precision Consulting Services, Inc.*, 209 Mich. App. 365, 371 (Mich. Ct. App. 1995) (internal quotations omitted). However, a fraudulent inducement claim must be based solely on pre-contractual conduct. *Id.* Needless to say, Plaintiff's claims are premised upon the assumption that it entered into a binding contract. All of Plaintiff's fraud claims are based on conduct that occurred after the Offer and even after the Addendum. Plaintiff has failed to allege or state a claim for fraud in the inducement. Further still, Plaintiff has failed to meet the specificity requirements of Fed. R. Civ. P. 9(b). Plaintiff has not stated a claim for which relief can be granted for fraud.

### III.  <u>CONCLUSION</u>

Plaintiff has failed to state a claim for which relief can be granted. Amendment of the FAC would be futile. The FAC should be dismissed with prejudice.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorneys for Defendants Nerat
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

7

## **CERTIFICATE OF COMPLIANCE CONCERNING WORD COUNT**

Pursuant to W.D. Mich. L. Civ. R. 7.2(b)(ii), I hereby certify that Defendants' Donald J. Nerat and Stephen A. Nerat's Reply to Plaintiff's Response to Their Motion to Dismiss contains 1,960 words as defined by W.D. Mich. L. Civ. R. 7.2(b)(i) and is therefore compliant with W.D. Mich. L. Civ. R. 7.2(c). The word count was generated by word processing software, specifically Microsoft Word for Microsoft 365.

s/ Phillip B. Toutant
_____
PHILLIP B. TOUTANT (P72992)